**Minister Elijah KARRIEM, Plaintiff,**

v.

**DISTRICT OF COLUMBIA, et al., Defendants.**

Civ. A. No. 83–2953.

United States District Court, District of Columbia.

July 29, 1986.

Catherine M. Shea, Howrey & Simon, Washington, D.C., for plaintiff.

Paul Quander, Asst. Corp. Counsel, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER GRANTING SUMMARY JUDGMENT TO MAURICE TURNER

SPORKIN, District Judge.

Defendant Maurice Turner, Chief of the Metropolitan Police Department, has renewed his motion for summary judgment. Plaintiff alleges, *inter alia*, that defendants Manning and Perez, District of Columbia police officers, unlawfully arrested, searched and beat plaintiff on August 16, 1983 and are liable to him under 42 U.S.C. § 1983 and in tort. Regarding defendant Turner, plaintiff alleges that he failed in his duty to train and instruct members of the Metropolitan Police Department (MPD) properly, including defendants Manning and Perez. This failure, asserts plaintiff, constituted deliberate indifference to plaintiff's civil rights and caused him to suffer injuries at the hands of Manning and Perez.[1] Plaintiff's First Amended Complaint, ¶ 22. Plaintiff also alleges that Turner and the District of Columbia are liable for the two officers' alleged torts under the doctrine of respondeat superior.[2] Plaintiff's

---

1. Identical violative conduct is alleged against defendant District of Columbia.

2. Chief Turner had no personal involvement with the events that occurred on August 16, 1983. He also did not have direct and personal supervisory responsibility for Perez or Manning on or prior to August 16, 1983. Affidavit of Maurice Turner, filed May 15, 1986.

First Amended Complaint, ¶¶ 33, 36, 39, 42, 45.

■ Plaintiff's Amended Pretrial Statement, filed after the taking of several depositions and exchanges of answered interrogatories, casts further light on the charges against Turner. Plaintiff claims that from the early 1970's until 1982, the MPD employed a "module" training system that was seriously deficient in the training of D.C. police officers. Plaintiff asserts that defendant Perez was inadequately trained under the module system, resulting in his illegal treatment of plaintiff. Plaintiff maintains that the use of the module system of training was a policy of the District of Columbia and both "its use and discontinuance were approved by the Chief of Police, who has ultimate decision-making authority covering all aspects of the training program run by the MPD." Plaintiff's Pretrial Statement, p. 42.

It is clear that Chief Turner is immune from plaintiff's constitutional tort claims under *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) and *Mitchell v. Forsyth*, —— U.S. ——, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). These cases on "qualified immunity" dictate that

> government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

*Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738. The constitutional right allegedly violated by Turner must have been clearly established at the time he acted. *See e.g., Mitchell*, 105 S.Ct. at 2820; *Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1983).

It is undisputed that Turner was not Chief of Police when the module system

was implemented. *See* Transcript of Hearing, May 2, 1986, pp. 10–12. When Turner became Chief of Police, he changed the training system to an "instructor based system," with which plaintiff has no quarrel. The Court's close examination of all plaintiff's materials and arguments reveals that the essence of plaintiff's case against Turner is that he failed to cause Officer Perez to be *retrained* under the instructor based system. No clearly established constitutional or statutory right to such retraining can be demonstrated. Indeed, plaintiff does not allege that the module system was held or known to have caused the excessive use of force by police officers. The absence of a clearly established right is more evident here than in *Mitchell*, where the legality of a warrantless domestic security tap was found to be an open question.

Plaintiff's Amended Pretrial Statement asserts nothing regarding defendant Manning being improperly trained directly or indirectly by Turner. In all likelihood, this is attributable to the fact that Manning joined the force *after* the replacement of the module training system. The Complaint's bare allegation that Chief Turner failed in his duty to train Manning properly must also fall under *Harlow* and *Mitchell*.

■ Chief Turner is also immune from common law tort liability.[3] *See e.g., Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); *Sami v. United States*, 617 F.2d 755 (D.C.Cir.1979). Officials are protected from suit if the alleged tort was committed in the performance of a "discretionary" rather than a ministerial function and if the officials' actions are "taken ... within the outer perimeter of [their] line of duty." *Barr*, 360 U.S. at 575, 79 S.Ct. at 1341. The city's top law enforcement officer's general supervision of the training of the D.C. police force

---

**3.** Plaintiff's First Amended Complaint alleges that Chief Turner is liable in tort under the doctrine of respondeat superior. Plaintiff has apparently recognized the deficiency of this claim by shifting his theoretical basis to common law negligence. *See* Memorandum in Op-

position to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment, p. 11. *See generally Taliaferro v. State Council of Higher Education*, 372 F.Supp. 1378, 1385 n. 5 (E.D. Va.1974).

clearly involves discretionary acts falling within the outer perimeter of his duties.

Chief Turner should not be subject to the burdens of a trial in this case. Public safety requires that his energy and attention not be diverted by insubstantial claims against him that can be disposed of before trial. If Chief Turner is required to stand trial on such an indirect basis each time one of the hundreds of D.C. police officers is sued, he would have little or no time to carry out the essential duties of his important office. The administration of justice in our municipalities would be fundamentally impaired if such a result were legally mandated.

Accordingly, it is

### ORDERED

That defendant Turner's motion for summary judgment is granted and this case is dismissed with respect to him.